UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GAVIN HAMMETT
    *Petitioner*,

    v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:25-cv-001543-MPS

## RULING ON § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Gavin Hammett, *pro se*, seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1. For the reasons set forth below, I DENY his motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

I assume familiarity with the record in this case and thus set forth only a brief summary of this background and claims. *See United States v. Hammett*, D. Conn. Case No. 24-CR-00118-MPS-1 (D. Conn. May 22, 2024).[1] Gavin Hammett is an inmate incarcerated at Schuylkill FCI. https://www.bop.gov/inmateloc; Reg. No. 93118-071 (last visited May 27, 2026).  In early 2024, the Drug Enforcement Administration and Stamford Police Department identified Hammett as the head of a polysubstance drug trafficking organization based out of Bridgeport, Connecticut. 24-CR-00118, ECF No. 65 ¶ 8.[2] Investigators arranged controlled purchases of fentanyl from Hammett, who was arrested on May 14, 2024. *Id.* ¶¶ 9–11. A court-authorized search of Hammett's residence revealed approximately two kilograms of cocaine, 39 grams of fentanyl, two handguns, gun magazines, and ammunition. *Id.* ¶ 14. Before his arrest, Hammett had been convicted fourteen times, including two federal convictions for narcotics distribution. *Id.* ¶ 143.

---

[1] Citations to the docket in this case appear as "ECF No. _". Citations to the record in Hammett's underlying case hereinafter appear as "24-CR-00118, ECF No. _".

[2] The Court accepted the factual statements in the PSR as its findings of fact in this case. 24-CR-00118, ECF No. 80 at 9.

At the time he committed the offenses, Hammett was aware he was prohibited from possessing a firearm due to his prior convictions. *Id.* ¶ 14.

On February 19, 2025, Hammett pled guilty to two counts of the indictment. 24-CR-00118, ECF No. 55. Count One charged Hammett with possession with intent to distribute 500 grams or more of cocaine and a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C). 24-CR-00118, ECF No. 8 ¶ 1. Count Two charged Hammett with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* ¶ 2. On May 14, 2025, Hammett was sentenced to the mandatory minimum 120 months of imprisonment, followed by five years of supervised release. 24-CR-00118, ECF No. 76.

Hammett now moves *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1. Hammett's motion asserts multiple issues regarding his firearm conviction. *Id.* First, Hammett alleges his lawyer rendered constitutionally ineffective assistance, apparently by permitting him or counseling him to plead guilty to this offense, even though the firearms were not in his "actual possession" at the time of the offense and were found in his apartment in a separate bag from the one containing the drugs. *Id.* at 4, 14. Hammett suggests that if his lawyer had raised these objections, the outcome would have been different. *Id.*; *see Strickland v. Washington*, 466 U.S. 668, 693 (1984). Second, Hammett claims his conviction violates his Second Amendment rights. ECF No. 1 at 5. I address these claims below.

## II.    LEGAL STANDARD

Section 2255 permits collateral challenges to federal convictions. 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws

of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted). Despite the difficulty in mounting an attack to collaterally upset a conviction, "ineffective-assistance-of-counsel claim[s] may be brought in a collateral proceeding under § 2255[.]" *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Section "2255 review is narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (internal quotation marks omitted). The court "may properly rely on his or her knowledge of the record and may permissibly forgo a full hearing." *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009).

Because Hammett is proceeding *pro se*, his petition is held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Therefore, I must liberally construe his papers to raise the strongest arguments that they suggest. *Id.*

## III.  DISCUSSION

### A.  Waiver

As part of his plea agreement, Hammett waived his rights to challenge his conviction and to appeal or collaterally attack his sentence. 24-CR-00118, ECF No. 56 at 8 ("By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction [or] . . . sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 . . ."). If the plea

agreement's conditions are met, this waiver preempts him bringing a Section 2255 motion under most circumstances, except when the waiver's procurement process has been challenged. *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral attack rights in a plea agreement. However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured . . .").

Hammett's waiver to appeal or collaterally attack his sentence requires his sentence not to exceed (1) 130 months of imprisonment, (2) a five-year term of supervised released, (3) a $200 special assessment, and (4) a fine of $50,000. 24-CR-00118, ECF No. 56 at 8. Hammett's sentence—a 120-month mandatory minimum sentence, followed by a five-year supervised released period, with a $200 special assessment fee and no fine—meets each condition for the waiver to take effect. 24-CR-00118, ECF No. 56 at 8; ECF No. 76. Hammett confirmed that he understood the waiver provisions of his plea agreement on the record before he entered his guilty plea. 24-CR-00118, ECF No. 61 at 42 ("Mr. Hammett, in this provision, you are agreeing not to appeal or collaterally attack your sentence in any proceeding . . . as long as the sentence imposed by Judge Shea falls within those parameters, you will not be able to appeal the sentence imposed or attack it in a habeas petition even if you disagree with that sentence. Do you understand that?" "Yes, I do.").

The Court may decline to enforce a waiver under limited circumstances when the signer challenges the "validity of the process" of its procurement. *Frederick*, 308 F.3d at 195. One such circumstance is when a waiver is not made knowingly and voluntarily. *United States v. Stevens*, 66 F.3d 431, 437 (2d Cir. 1995). A second circumstance is a claim of ineffective assistance of

4

counsel. *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008). Hammett raises both challenges in his Section 2255 motion. ECF No. 1 at 5.

The Second Circuit has found that (1) the signing of the plea agreement, (2) a statement to the magistrate judge by the signer that he read and understood the plea agreement, and (3) the lack of any claim in the Section 2255 motion that the signer did not understand the waiver contained in his plea agreement all support a finding that a defendant entered into a plea agreement knowingly and voluntarily. *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001). Hammett's case involves all of these facts. Hammett signed his plea agreement. 24-CR-00118, ECF No. 56 at 12. Hammett affirmed to the court under oath that he had read and understood the plea agreement and that his decisions were knowing and voluntary. 24-CR-00118, ECF No. 61 at 42, 43-44. I accepted Hammett's guilty plea because I found that it was knowingly and voluntarily made after reviewing the transcript of his change-of-plea proceeding. 24-CR-00118, ECF No. 64.[3] And Hammett presents no reason in his Section 2255 motion to doubt the accuracy of his prior statements or my finding. ECF No. 1.

Hammett's claim of ineffective assistance of counsel, however, survives waiver, as his plea deal excepts ineffective assistance of counsel claims. 24-CR-00118, ECF No. 56 at 8. ("This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.").

---

[3] In his motion, Hammett refers, without elaboration, to his guilty plea being "involuntary." ECF No. 1 at 14. Because he swore under oath at his change-of-plea proceedings that no one was forcing him to plead guilty or had made any threats or promises to coerce his plea, ECF No. 61 at 33, I reject this claim.

Thus, Hammett's waiver provision bars consideration of his Section 2255 motion, including his Second Amendment claims,[4] except for the claim of ineffective assistance of counsel. I consider this issue next.

### B. Ineffective Assistance of Counsel

Hammett's claim of ineffective assistance of counsel cannot succeed. To succeed on an ineffective assistance of counsel claim, Hammett must demonstrate that (1) "counsel's performance was deficient" by making "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and that (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Hammett's claim fails on the first prong. Although he does not specify any failures of his counsel, Hammett's motion suggests that his counsel rendered constitutionally ineffective assistance because he permitted Hammett to plead guilty even though the facts did not support his guilt as to the charge under 18 U.S.C. § 924(e). Specifically, he contends that the firearms were not in his "actual possession" at the time of offense, and instead were located in his residence, wrapped in a plastic bag, and the drugs were found in a separate bag. ECF No. 1 at 14. "Actual possession" is not required for a finding of possession, however, and the facts here easily supported the Section 924(e) count. Possession under Section 924(e) means that the defendant either had physical possession of the firearms—which is what Hammett appears to mean when he refers to "actual possession"—or that he had dominion and control over the place where the firearms were located and had the power and intention to exercise control over the firearms. *United States v. Steele*, No. 17-CR-00139, Jury Instructions, ECF No. 87 at 30 (D. Conn. April 16, 2018). To prove a violation of Section 924(e),

---

[4] Even if Hammett's waiver did not bar consideration of his Second Amendment argument, it is without merit. "[T]he Second Amendment does not safeguard the *unlawful* purpose of possessing a firearm in furtherance of drug trafficking." *United States v. Bryant*, 711 F.3d 364, 365-66 (2d Cir. 2013) (per curiam) (emphasis in original).

the Government must also show a "specific 'nexus' between the charged firearm and the charged drug selling operation." *United States v. Snow*, 462 F.3d 55, 62 (2d Cir. 2006). A gun is possessed "in furtherance" of a drug tracking crime when it affords some advantage relevant to drug trafficking. *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005). The Second Circuit has held that "[p]ossession of a firearm to defend a drug stash clearly furthers the crime of possession with intent to distribute the contents of that stash." *Id.*

The factual record in Hammett's case meets this standard. Hammett voluntarily admitted under oath that he possessed both the guns and the drugs, that his firearms were located near the cocaine in his residence, and that he possessed the firearms on the date of his arrest for the purpose of defending his assets, including 500 grams or more of cocaine. 24-CR-00118, ECF No. 61 at 46. As a result, Hammett's admissions and the factual record are sufficient to sustain a charge of possession of a firearm in furtherance of a drug trafficking crime. *Lewter*, 402 F.3d at 322. Therefore, Hammett's lawyer did not make any error either by allowing him to plead guilty to the Section 924(e) charge or by failing to object on the grounds Hammett now suggests.

## IV.    CONCLUSION

For the reasons above, I DENY the motion to vacate, set aside or correct Hamett's sentence under 28 U.S.C. § 2255.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       July 7, 2026

7